Dear Senator Johnson:
This opinion letter is in response to your questions asking:
 May the School District of the City of Independence under Section 162.491, RSMo, nominate candidates for the Board of Directors by some method other than petitions signed by voters, and, if so;
 A. What other method or methods may be used to nominate directors, and
 B. Does the Board of Education have the ability to set up and enforce its own rules and guidelines governing nomination of directors?
 If it is determined that the School District of the City of Independence must follow the petition method of nominating directors, may the number of voters signatures be reduced from that amount set out in the statutes and still be sufficient to nominate directors?
Section 162.491, RSMo Supp. 1987, provides:
 162.491 Directors may be nominated by petition, when — contents of petition, certain districts. — 1. Directors for urban school districts, other than those districts containing the greater part of a city of over one hundred thirty thousand inhabitants, may be nominated by petition to be filed with the secretary of the board and signed by a number of voters in the district equal to ten percent of the total number of votes cast for the director receiving the highest number of votes cast at the next preceding biennial election.
 2. This section shall not be construed as providing the sole method of nominating candidates for the office of school director in urban districts which do not contain the greater part of a city of over three hundred thousand inhabitants.
 3. A director of any urban school district containing a city of greater than one hundred thirty thousand inhabitants and less than three hundred thousand inhabitants may be nominated as an independent candidate by filing with the secretary of the board a petition signed by five hundred registered voters of such school district.
Based on information you have provided, we understand the School District of the City of Independence is an urban school district and that the population of the City of Independence is such that subsections 1 and 2 of Section 162.491 apply to the school district. Subsection 1 of Section 162.491 provides for the petition method of nomination of directors for such an urban school district. Subsection 2 states that the method provided in subsection 1 is not the sole method of nominating candidates for the school board in such an urban district. However, as stated in your opinion request, the statutes do not specify other acceptable methods of nominating candidates.
It is the opinion of this office that such an urban school district is not limited to using the petition method specified in subsection 1 for nominating directors to the school board. If the school district were so limited, subsection 2 would have no meaning and would be a nullity. In statutory construction, it is presumed that the legislature intended every part of a statute to have effect and to be operative, and did not intend any part of a statute to be without meaning or effect. The legislature is not presumed to have intended a useless act.Stiffelman v. Abrams, 655 S.W.2d 522, 531 (Mo. banc 1983);Graves v. Little Tarkio Drainage Dist. No. 1, 134 S.W.2d 70,78 (Mo. 1939).
Section 171.011, RSMo 1986, regarding the authority of school boards to make rules and regulations, states:
 171.011 School board may adopt rules and regulations. — The school board of each school district in the state may make all needful rules and regulations for the organization, grading and government in the school district. The rules shall take effect when a copy of the rules, duly signed by order of the board, is deposited with the district clerk. The district clerk shall transmit forthwith a copy of the rules to the teachers employed in the schools. The rules may be amended or repealed in like manner.
Any reasonable method which such an urban school district chooses to establish pursuant to rule or regulation for the nomination of candidates to the position of school board director is statutorily authorized by subsection 2 of Section162.491, so long as that method is not otherwise legally improper or unconstitutional. Included among the permissible methods for nomination would be: (a) a petition method similar to that provided in subsection 1 of Section 162.491 with the number of required signatures being a lesser number, or (b) a system of filing with the Board of Education without any petition being required.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General